UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
*In re:*

ANTHONY T. ROSS, Jr.,                              Case No. 8-16-74455-AST
                                                   Chapter 7
--------------------------------------------------------X

THE BANKRUPTCY ESTATE OF
ANTHONY T. ROSS, Jr., by ROBERT L.
PRYOR, Esq., as the Chapter 7 Trustee

                              Plaintiff,            Adv. Pro.

            - against -

ANTHONY T. ROSS, Jr.
                              Defendant.
--------------------------------------------------------X

## C O M P L A I N T

Plaintiff, the Bankruptcy Estate of Anthony T. Ross, Jr., by Robert L. Pryor, Esq., as

the Chapter 7 Trustee (the "Plaintiff" or "Trustee"), in the above captioned Chapter 7 case, by his

attorneys Pryor & Mandelup, L.L.P., as and for his Complaint against the Defendant, Anthony T.

Ross, Jr. (the "Defendant"), alleges as follows:

### PARTIES AND JURISDICTION

1.      This is an adversary proceeding brought by the Trustee against the Defendant,

commenced pursuant to Bankruptcy Rule 7001(4), for a judgment revoking the Debtor's discharge

pursuant to 11 U.S.C.§§ 727(d)(1), 727(d)(2) and 727(d)(3) in that the Debtor: (i) obtained his

discharge through his fraud; and the Trustee did not know of the fraud until after March 7, 2017, the

date the discharge was granted; (ii) acquired property that is property of the estate, or became entitled

to acquire property that would be property of the estate, and knowingly and fraudulently failed to

-1-

report the acquisition of the property, or to deliver or surrender the property to the Trustee and (iii)

committed an act specified under 11 U.S.C. §727(a)(6), in that he refused to obey a lawful Order of

the Bankruptcy Court.

2.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§ 157(b)(1), and 28 U.S.C. § 1334, and the Standing Order of Referral of Bankruptcy Cases to

Bankruptcy Judges, entered in the United States Bankruptcy Court for the Eastern District of New

York.

3.      Venue is properly placed in this court under 28 U.S.C.§ 1409.

4.      This is a core proceeding as said term is defined in 28 U.S.C. § 157(b)(2)(A), (J) and

(O), as it relates directly to this Chapter 7 case entitled "Anthony T. Ross, Jr." pending in this

District  under case number 8-16-74455-ast.

5.      In the event that this Court determines that any cause of action set forth herein does

not constitute a core proceeding then, in such event, the Trustee Plaintiff consents to the issuance

by this Court of final conclusions of law and findings of fact, pursuant to Bankruptcy Rule 7052(a).

6.      The statutory predicates for this proceeding are §§ 727(d)(1), 727(d)(2), 727(d)(3),

of the Bankruptcy Code and Bankruptcy Rule 7001(4) of the Federal Rules of Bankruptcy Procedure.

Jurisdiction of this matter has been conferred upon this Court under 28 U.S.C. § 157(b)(2)(A), §

157(b)(2)(E), 28 U.S.C. § 157(b)(2)(J), 28 U.S.C. § 157(b)(2)(O) and 28 U.S.C. § 1334.

## PARTIES

7.      Plaintiff is The Bankruptcy Estate of Anthony T. Ross, Jr. Robert L. Pryor, is the

duly appointed Trustee in the above captioned case with offices located at 675 Old Country

Road, Westbury, New York and is  prosecuting this action on behalf of the Plaintiff as its

authorized representative pursuant to 11 U.S.C. § 323(b) and Rule 6009 of the Federal Rules of Bankruptcy Procedure.

8.      Upon information and belief, the Defendant, Anthony T. Ross, Jr., is an individual residing at 20 Ingraham Lane, Hempstead, NY 11550.

## BACKGROUND

9.      On September 28, 2016, the Debtor filed a voluntary petition for relief from his creditors,  pursuant to Chapter 7 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code").

10.     On  November 2, 2016, the first meeting of creditors (the "341 Meeting") was held, pursuant to Section 341(a) of the Bankruptcy Code, at which time Robert L. Pryor qualified as permanent Trustee.  However, the Debtor did not submit to a § 341 Examination until January 17, 2017.

11.     The Trustee filed his Report Of No Distribution in this case on January 5, 2018.

12.     Subsequent to the filing of the Report of No Distribution and on or about April 26, 2018, the Debtor filed an Amended Schedule "D" (Docket Item # 81), an Amended Statement of Intention (Docket Item # 82) and an Amended List of Creditors (Docket Item # 83) (collectively referred to as the "Amendments").

13.     In reviewing the contents of the Amendments, the Trustee learned for the first time that the Debtor held an ownership interest in the following real properties (the "Real Properties"), to wit:

        6236 Katelyn Park, Lithonia GA;

        6433 Parkway Terrace, Lithonia GA;

5801 Rock Springs Road, Lithonia GA;

2254 Fifth Avenue, New York, New York; and

35 Ingraham Street a/k/a 6 Oak Avenue Hempstead NY

14      By virtue of the fact that the aforementioned Real Properties had not been previously disclosed in the Debtor's petition and schedules, the Trustee filed a Notice of Recision of his Report of No Distribution on April 30, 2018.

15.      By letter dated June 8, 2018 (the "June 8 Letter"), Plaintiff wrote to the Debtor requesting that he provide the Trustee with relevant information concerning the Real Properties, including but not limited to copies of the deeds, mortgages, mortgage statements and any judgments or liens encumbering the Real Properties.

16.      The Debtor failed to provide the Trustee with any information responsive to the June 8 Letter.

17.      Rather than comply with the Trustee's document demand, the Debtor filed a motion to strike (the "Motion to Strike") the Trustee's Rescission of his Report of No Distribution.

18.      The Debtor's Motion to Strike was denied by Order of the Bankruptcy Court on September 12, 2018 (the "September 12 Order").

19.      In addition to denying the Debtor's Motion to Strike, the September 12 Order also required the Debtor to turnover the following information with regards to the Real Properties to the Trustee on or before September 17, 2018, to wit:

A. Copies of the deeds for the Real Properties;

B. Copies of any mortgages encumbering the Real Properties;

-4-

      C.  Statements indicating the balances owed on the notes and mortgages

encumbering the Real Properties;

      D.  Copies of any and all judgments and/or tax liens encumbering the Real

Properties; and

      E.  Copies of any and all closing statements for the Real Properties.

Annexed as **Exhibit "A"** is a true copy of the September 12 Order with Notice of Entry dated

September 12, 2018  along with Affidavit of Service.

20.    The September 12 Order also required the Debtor to submit to a §341

Examination and/or 2004 Examination on a date, time and place designated by the Trustee. See

**Exhibit "A"**.

21.    The Debtor refused to turnover the information regarding the Real Properties to

the Trustee as required by the September 12 Order.

22.    The Debtor refused  to submit to a §341 Examination and/or 2004 Examination as

required by the September 12 Order.

23.    By letter dated October 3, 2018 (the "October 3 Letter"), Plaintiff once again

demanded that the Debtor produce all of the requested documentation concerning the Real

Properties required by the September 12 Order to the Trustee's  office no later than 12:00 p.m. on

October 12th , 2018.  Annexed as **Exhibit "B"** is a true copy of the October 3 Letter.

24.    The October 3 Letter also directed that the Debtor submit to an examination at the

Trustee's Office on October 19, 2018 at 11:00 a.m. as required by the September 12 Order.

See **Exhibit "B".**

-5-

25.      The Debtor refused to turnover the documentation regarding the Real Properties, as demanded in the October 3 Letter and required by the September 12 Order.

26.      The Debtor refused to submit to an examination at the Trustee's Office on October 19, 2018 at 11:00 a.m., as demanded in the October 3 Letter and required by the September 12 Order.

27.      The Debtor was granted a Chapter 7 Discharge by Order of the Bankruptcy Court entered on March 7, 2017.

**First Cause of Action**
**Revocation of Discharge - 11 U.S.C. § 727(d)(1)**

28.      The Trustee repeats and realleges each allegation contained in paragraphs "1" through "27", as if each was more fully set forth herein.

29.      11 U.S.C. §727(d)(1) provides that on request of the Trustee, and after notice and a hearing, the Court shall revoke a Chapter 7 discharge if such discharge was obtained through fraud of the Debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

30.      The Debtor was granted a Chapter 7 Discharge by Order of the Bankruptcy Court entered on March 7, 2017.

31.      The Amendments were the first time that the Trustee ever learned of the existence of the Real Properties.

32.      The Debtor was under a duty to disclose his ownership interest in the Real Properties at the time of his Bankruptcy filing pursuant to 11 U.S.C. §521.

33.      The Debtor breached that duty of disclosure by failing to list his ownership interest in and to the Real Properties.

34.     The Debtor, knowingly and fraudulently, failed to disclose his interest in the Real Properties.

35.     By virtue of the fact that the Debtor obtained his discharge by fraud, and the Trustee did not discover this fraud until after he had been provided with copies of the Amendments on or about April 26, 2018, the Debtor's discharge should be revoked pursuant to 11 U.S.C. §727(d)(1).

**Second Cause of Action**
**Revocation of Discharge - 11 U.S.C. § 727(d)(2)**

36.     The Trustee repeats and realleges each allegation contained in paragraphs "1" through "35", as if each was more fully set forth herein.

37.     11 U.S.C. §727(d)(2) provides that on request of the Trustee, and after notice and a hearing, the Court shall revoke a Chapter 7 discharge if the Debtor acquired property that is property of the Estate, or became entitled to acquire property that would be property of the Estate, and knowingly and fraudulently failed to report the acquisition or of entitlement to such property, or to deliver or surrender such property to the Trustee.

38.     The Debtor's interest in the Real Properties is property of the Bankruptcy Estate.

39.     The Debtor knew that he held an ownership interest in the Real Properties at the time he filed his Chapter 7 Bankruptcy petition on September 28, 2016.

40.     The Debtor acquired an interest in the Real Properties.

41.     The Debtor was entitled to an interest in the Real Properties.

42.     The Debtor knew that he was required to disclose all information concerning his interest in the Real Properties under 11 U.S.C. §521.

43.     The Debtor never provided the Trustee with information regarding the Real Properties as required by the September 12 Order.

44.    The Debtor knowingly and fraudulently failed to turnover to the Trustee information regarding the Real Properties as required by the September 12 Order.

45.    The Debtor knowingly and fraudulently failed to report his interest in the Real Properties to the Trustee.

46.    The Debtor knowingly and fraudulently failed to report that he had acquired an interest in the Real Properties to the Trustee.

47.    The Debtor knowingly and fraudulently failed to report that he was entitled to acquire an interest in the Real Properties to the Trustee.

48.    By virtue of the fact that the Debtor was entitled and/or became entitled to acquire an interest in the Real Properties, and knowingly and fraudulently failed to report his acquisition and/or right to acquire an interest in the Real Properties, or to turnover information regarding the Real Properties as required by the September 12 Order, the Debtor's discharge should be revoked pursuant to 11 U.S.C. §727(d)(2).

### Third Cause of Action
### Revocation of Discharge - 11 U.S.C. § 727(d)(3)

49.    The Trustee repeats and realleges each allegation contained in paragraphs "1" through "48", as if each was more fully set forth herein.

50.    11 U.S.C. §727(d)(3) provides that on request of the Trustee, and after notice and a  hearing, the Court shall revoke a Chapter 7 discharge if the Debtor committed an act specified in subsection (a)(6) of 11 U.S.C. §727(a).

51.    11 U.S.C. §727(a)(6), the court shall grant the Debtor a discharge unless the Debtor has refused, in the case, to obey any lawful order of the court...."

52.    The September 12 Order is a lawful order of the Bankruptcy Court.

53.     The Debtor refused to turnover the information regarding the Real Properties to the Trustee as required by the September 12 Order.

54.     The Debtor refused to submit to a §341 Examination and/or 2004 Examination as required by the September 12 Order.

55.     By virtue of the fact that the Debtor committed an act under 11 U.S.C. §727(a)(6) by refusing to comply with the September 12 Order, a lawful Order of the Bankruptcy Court, the Debtor's discharge should be revoked pursuant to 11 U.S.C. §727(d)(3).

WHEREFORE, Plaintiff demands judgment:

1.     On Plaintiff's First Count, Second Count and Third Count, a judgment revoking the Debtor, Anthony T. Ross, Jr's Chapter 7 discharge in bankruptcy pursuant to 11 U.S.C. §§727(d)(1), 727(d)(2) and §727(d)(3);

2.     Together with such other and further relief as to this Court appears fair and equitable.

Dated: Westbury, New York
        December 7, 2018

PRYOR & MANDELUP, L.L.P.
Attorneys for Robert L. Pryor, Chapter 7 Trustee

By:     *s/Michael Farina*
        Michael Farina
        675 Old Country Road
        Westbury, New York 11590
        (516) 997-0999